WALTER PANNELL v. THE STATE.

No. 539.   Decided May 18, 1910.

Rehearing denied May 18, 1910.

**1.—Murder—Evidence—Motive.**

Upon trial of murder, there was no error in admitting in evidence the relation of the parties with reference to their former disagreements about defendant's conduct towards the wife of the deceased, to show motive.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence showed that while the parties were standing in the same room and within a few feet of each other, the hands of the deceased were at his side, and that he had no pistol in either of his

hands and was making no effort to get one, defendant fired and killed the deceased, a verdict for manslaughter was sustained, although there was testimony supporting defendant's plea of self-defense.

Appeal from the District Court of Hopkins. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. O. James* and *C. E. Sheppard,* for appellant.—On question of admitting evidence as to defendant's conduct towards the wife of deceased: Varnell v. State, 26 Texas Crim. App., 56; Pannell v. State, 54 Texas Crim. Rep., 498, 113 S. W. Rep., 536.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at two years confinement in the penitentiary.

This is the second appeal of this case. The report of the first appeal will be found in 54 Texas Crim. Rep., 498, 113 S. W. Rep., 536, where, in a general way, the case is stated. The facts are not identical with those which appeared in the former record, though in substance they are the same. We think the charge of the court is not subject to substantial criticism, and fairly well follows the opinion on the former appeal. While some other questions are raised, we think there are only two which require attention and which we will discuss.

1. There was some evidence offered on the trial to the effect, in substance, that appellant for some time prior to the homicide had been visiting the wife of deceased under such circumstances as to raise the presumption of improper intercourse between them. The record also discloses the fact that these attentions of appellant towards the wife of deceased had been the subject of discussion between appellant and deceased, and that appellant had asserted his intention of continuing such attentions. It is, therefore, evident that appellant was advised that deceased knew of his improper attentions and devotion to his wife. As illustrating the relation of the parties, and as showing motive, we think, as indicated on the former appeal, that this testimony is undoubtedly admissible.

2. The only other question that we care to discuss is the assignment of error which raises the sufficiency of the evidence to support the verdict. That a strong showing of self-defense was made in this case there can be no doubt. If it were a matter of first impression with us, we should be strongly inclined to hold that the weight of the testimony supported appellant's plea of self-defense, but there is testimony in the record from which the jury were authorized to draw the conclusion that the killing was not in self-defense. One of

the witnesses testified that just before the immediate act of the killing, while the parties were standing in the same room and within a few feet of each other, that deceased's hands were at his side, that he had no pistol in either of his hands, and was making no effort to get one. That appellant at this time had his pistol in his hand, placed rather behind him, and that while the parties were substantially in this position he, appellant, called out to him to get out of the way, which he immediately did, and almost instantly the pistol fired, killing Harrison Carr, the deceased. If the testimony of this witness is true, undoubtedly appellant was not justified, and his plea of self-defense was untrue. The verdict of conviction has received the approval of the trial court. Reluctant as we are to affirm same, there would seem, under the rule which must govern us, to be no reason why we should place our judgment on the facts against that of the jury and the trial court, who, at first hands, observed the witnesses and had better opportunity of weighing the evidence. As presented, there is no error for which we would be authorized in reversing the case.

The judgment is in all things affirmed.

*Affirmed.*

ON REHEARING.

May 18, 1910.

RAMSEY, JUDGE.—Appellant's counsel have filed in his behalf a very vigorous motion for rehearing based on the sole proposition that the verdict of the jury is contrary to and unsupported by the evidence.

The opinion is criticised in that it does not, as counsel believe, fairly state the incriminatory evidence held sufficient, with other facts, to support the jury's finding. The following quotation from the testimony of the witness Louis Templeton was the evidence which was deemed by the court sufficient for its action in affirming the judgment:

"That ended the first trouble. After a little while Gete come back in the house where they were dancing. Harrison never left the house. When Gete come back he went over to the fireplace and was talking to Ada Bates. Harrison come in the room and went over to where Joe Bates was fooling with the guitar. I saw him look at Gete and then go over in the southwest corner of the room close to Gete. He was looking at Gete and Gete at him. I went over to Harrison and said: 'Harrison, if I was you I wouldn't have no trouble here.' He said: 'I ain't scared of no damn son-of-a-bitch,' and looked at Gete; then he said, 'Gete, do you think I am afraid of you?' Gete said, 'No, you ain't got no right to be; you are a man, just like me.' Then I heard Gete say, 'Stand out of the way.' I moved and I heard a shot. When I saw Harrison's hands last it was down by his side. It did not then have anything in it when I saw it. I did

Vol. LIX. Crim.—25.

not see anything in Gete's hand. I was standing nearly right between Harrison and Gete. I had my back to Gete and my face to Harrison. I know Harrison did not have anything in his hands when Gete told me to get out of the way. His hands were by his side and he did not make any effort to put them in his pockets; when Gete told me to get out of the way I ran and almost immediately a shot was fired. I think there were three shots fired."

This evidence, we think, on reflection and careful consideration, and in the light of the able argument for appellant, was sufficient, if believed, in connection with other circumstances, to justify this court in upholding the verdict of the jury in finding appellant guilty, and the action of the trial court in affirming their verdict. It seems unnecessary for us to say more.

The motion for rehearing is overruled.

*Overruled.*