ELIZA ROSS v. THE STATE.

No. 5393. Decided May 21, 1919.

1.—Murder—Argument of Counsel—Allusion to Defendant's Failure to Testify.

Where, upon trial of murder, the argument of State's counsel was of

such nature that it amounted to an allusion to defendant's failure to testify the same was reversible error.

#### 2.—Same—Motion for a New Trial—Statement of Facts.

In the absence of a statement of facts in the record showing what the evidence was on the contest upon motion for new trial the same cannot be considered on appeal.

Appeal from the District Court of Limestone. Tried below before the Hon. A. M. Blackmon.

Appeal from a conviction of murder; penalty, five years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was allotted five years in the penitentiary under a conviction for murder.

The case is one of circumstantial evidence. The homicide occurred at night, the deceased having been shot three times. The circumstances would indicate that appellant was present at the shooting. One of the witnesses testified that he recognized her voice, stating that deceased was cutting her.

The indictment charged appellant and her husband jointly with having killed deceased. There was a motion for severance, which was granted.

During the argument one of the State's attorneys used the following language: "If she (meaning the defendant) is not guilty of a diabolical murder why did not her husband David Ross get on the stand and testify for her?" To these remarks exception was taken. Counsel for State retorted, "Yes, when the shoe pinches you howl." The bill further recites that the court instead of reprimanding counsel and instructing the jury not to regard the same, remained silent, and all through his argument counsel kept repeating, "If they are not guilty why didn't they get on the stand and testify," to which remarks the defendant kept excepting. and the only notice the court took of said exceptions was to nod his head. The defendant and her husband, David Ross, were sitting in front of the jury at the time. Counsel's remarks were in effect commenting on defendant's failure to testify. The bill is signed by the trial judge without qualification. Another State's counsel remarked in his closing argument to the jury: "If she is not guilty why didn't they put witnesses on the stand and prove it," to which defendant excepted because the "defendant in a criminal case is not required to prove anything." The evidence seems to exclude the presence at the homicide of every one except defendant and her husband. We are of opinion that these arguments were

illegitimate and in violation of the statute, and was a reference not only to the failure of the husband to testify, who was jointly indicted with defendant, but a failure also of defendant to testify.

There are other bills of exception but they are very indefinite and are not discussed.

To the motion for a new trial are appended a number of affidavits setting up various things, mainly matters of fact. The State filed what is termed a contest, which is more in the nature of a general demurrer and general denial. The judgment of the court recites he heard evidence upon the matters and overruled the motion. Appellant did not reserve an exception and therein set up the facts that were heard on the contest, nor is there a statement of the facts in the record showing what the evidence was on the contest. In this attitude of the record we are unable to revise this matter. The authorities hold that such matters must be perpetuated either in a bill of exceptions, or a statement of facts, which must be filed during the term. Upon another trial, however, these matters can all be produced, and the jury will be in position to pass upon them.

On account of the argument and remarks of counsel the judgment will be reversed and the cause remanded.

*Reversed and remanded.*