(85 Tex. Cr. R. 340)

ROSS v. STATE. (No. 5393.)

(Court of Criminal Appeals of Texas. May 21, 1919.)

1. CRIMINAL LAW ☞721(6), 721½(2)—ARGUMENT—REFERENCE TO FAILURE TO TESTIFY.

Where defendant was jointly indicted with her husband for murder, and a severance was granted, state attorney's argument asking why defendant, if not guilty of murder, did not call her husband, who was then in court, and as to why she did not call witnesses to prove her innocence, allowed objection, and without reprimand or instruction to disregard it, violated the statute, as being a direct reference to failure of both defendant and her husband to testify.

2. CRIMINAL LAW ☞1066, 1097(6)—MOTION FOR NEW TRIAL—EXCEPTION—STATEMENT OF FACTS.

Where a motion for a new trial was contested and overruled, and appellant reserved no exception setting up facts heard on the contest, and where no statement of facts in the record showed such evidence, the matter could not be reviewed.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Eliza Ross was convicted of murder, and appeals. Reversed and remanded.

White & White and O. Kennedy, all of Mexia, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was allotted five years in the penitentiary under a conviction for murder.

The case is one of circumstantial evidence. The homicide occurred at night, the deceased having been shot three times. The circumstances would indicate that appellant was present at the shooting. One of the witnesses testified that he recognized her voice, stating that deceased was cutting her. The indictment charged appellant and her husband jointly with having killed deceased. There was a motion for severance, which was granted.

[1] During the argument one of the state's attorneys used the following language:

"If she [meaning the defendant] is not guilty of a diabolical murder, why did not her husband, David Ross, get on the stand and testify for her?"

To these remarks exception was taken. Counsel for state retorted, "Yes, when the shoe pinches you howl." The bill further recites that the court, instead of reprimanding counsel and instructing the jury not to regard the same, remained silent, and all through his argument counsel kept repeating, "If they are not guilty, why didn't they get on the stand and testify," to which remarks the defendant kept excepting, and the only notice the court took of said exceptions was to nod his head. The defendant and her husband, David Ross, were sitting in front of the jury at the time. Counsel's remarks were in effect commenting on defendant's failure to testify. This bill is signed by the trial judge without qualification. Another state's counsel remarked in his closing argu-

ment to the jury, "If she is not guilty, why didn't they put witnesses on the stand and prove it," to which defendant excepted, because the "defendant in a criminal case is not required to prove anything." The evidence seems to exclude the presence at the homicide of every one except defendant and her husband. We are of opinion that these arguments were illegitimate and in violation of the statute, and a reference, not only to the failure of the husband to testify, who was jointly indicted with defendant, but a failure also of defendant to testify.

There are other bills of exception, but they are very indefinite and are not discussed.

[2] To the motion for a new trial was appended a number of affidavits, setting up various things, mainly matters of fact. The state filed what is termed a "contest," which is more in the nature of a general demurrer and general denial. The judgment of the court recites he heard evidence upon the matters and overruled the motion. Appellant did not reserve an exception, and therein set up the facts that were heard on the contest; nor is there a statement of the facts in the record showing what the evidence was on the contest. In this attitude of the record we are unable to revise this matter. The authorities hold that such matters must be perpetuated either in a bill of exceptions, or a statement of facts, which must be filed during the term. Upon another trial, however, these matters can all be produced, and the jury will be in position to pass upon them.

On account of the argument and remarks of counsel, the judgment will be reversed, and the cause remanded.