### Henry Vrazel v. The State.

#### No. 6226.   Decided October 12, 1921.

**1.—Manufacturing, etc., Intoxicating Liquor—Indictment—Duplicitous Pleading.**

Where, upon trial of manufacturing and possessing intoxicating liquor not for medicinal, etc., purposes, the count submitted charged that the defendant manufactured and possessed the liquor in question, the same was duplicitous pleading and bad upon motion to quash, the offenses being separate and distinct. Following Todd v. State, 89 Texas Crim. Rep., 99.

**2.—Same—Rehearing—Separate Offenses—Pleading.**

Where, upon motion for rehearing, the State contended that manufacturing liquor and possessing liquor, though made separate offenses, by the so-called Dean Act, necessarily involved each other, and could be alleged in the same count, held: that such contention is untenable. Distinguishing Nicholas v. State, 5 S. W. Rep., 241, and other cases, and each of these offenses does not necessarily involve the other.

Appeal from the District Court of Milam.   Tried below before the Honorable John Watson.

Appeal from a conviction of manufacturing and possessing intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Robert M. Lyles,* and *T. H. McGregor,* and *A. J. Lewis,* for appellant.—Cited: Alexander v. State, 102 S. W. Rep., 1122; Scales v. State, 81 S. W. Rep., 947; Heineman .v. State, 22 Texas Crim. App., 44; Hickman v. State, 22 id., 441.

*R. H. Hamilton,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Milam County for manufacturing and possessing intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes, and his punishment fixed at one year in the penitentiary.

There were two counts in the indictment.  The trial court submitted only the second, which charged that appellant manufactured *and*

possessed the liquor in question, the jury being told in the charge that if they found appellant unlawfully manufactured *or* possessed such liquor they should convict. A motion to quash said count upon the ground that same was duplicitous and charged therein two separate and distinct felonies, was overruled, and our Assistant Attorney General concedes in his brief that under the authority of Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515, this was error. Finding ourselves in accord with his position, without discussion of the other matters raised on the appeal, the judgment will be reversed and the cause ordered dismissed.

*Reversed and dismissed.*

ON REHEARING.

October 12, 1921.

LATTIMORE, JUDGE.—The State moves a rehearing. The ground of the motion is that manufacturing liquor and possessing liquor, though made separate offenses by the Dean act, necessarily involve each other; and in such case two separate and distinct offenses may be charged in the same count. Nicholas v. State, 23 Texas Crim. App., 317, 5 S. W. Rep., 241; State v. Randle, 41 Texas, 292; and Prendergast v. State, 41 Texas Crim. Rep., 362, are cited as supporting the State's position. In the Nicholas case no motion to quash for duplicity was made before judgment, and the court held it came too late afterward, the opinion indicating grave doubt as to the sufficiency of the indictment. In both the Randle and Prendergast cases it was charged that the accused established a lottery, and by means of said lottery disposed of certain property. Judge Devine, in the Randle case, says:

"The establishing of the lottery, as charged in the indictment, was merged in the disposing of certain property by reason of the lottery thus established. It is, in truth, taking the indictment together, but a charging of one offense."

And Judge Henderson, in the Prendergast case, says:

"While it is true they are distinct offenses, yet they are different phases of the same transaction, and not repugnant to each other. Duplicitous or repugnant matter will not be tolerated in the same count."

The Randle case, *supra,* further quotes the rule as follows:

"Where the offenses are of a distinct nature, neither of them capable of being resolved into the other, it is error to join them in the same count. Where they are several in their nature, and yet of such a character that one of them, when complete, necessarily implies the other, there is no such repugnancy as to make their joinder improper. In fact, under such circumstances, it is less embarrassing to the defendant to be thus charged than to have each stage of the offense split

from the context and set in a distinct count.   (2 Whart. Preced. of Indict. and Pleas, 834.)"

If this text used the word "each" instead of the word "one," if appears to us that same would more nearly state a correct rule in regard to the exception set forth.

We do not doubt that liquor may be manufactured by one not in manual possession thereof, and certainly liquor may be possessed by one who had nothing to do with its manufacture, and we are of the opinion that each of these offenses does not necessarily involve the other.

The motion will be overruled.

*Overruled.*