Tommie Cook v. The State.

No. 5958. Decided October 12, 1921.

Rehearing denied January 25, 1922.

**1.—Intoxicating Liquor—Transporting—Possession—Duplicitious—Pleading.**

Where, upon trial of transporting intoxicating liquors, etc., the indictment in the second count was obnoxious on motion to squash, to the rule of duplicitious pleading, the motion to quash should have been sustained. Following Todd v. State, 89 Texas Crim. Rep., 99.

**2.—Same—Rehearing—Possession—Repeal of Law—Saving Clause Omitted.**

While the second count in the indictment was duplicitious, yet the third count charging possession was good under the law as it was when the in-

dictment was presented, and the case tried, but since the amendment repealing the possession of intoxicating liquors, the same is not now made an offense, unless the same is for the purpose of sale; and there being no saving clause in the amendment, the judgment must be reversed and the cause dismissed, and no further prosecution can be had under that count.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of unlawfully possessing and transporting intoxicating liquors, etc.; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Williams & Williams,* and *John B. McNamara,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, and *Frank B. Tirey,* and *F. M. Fitzpatrick,* for the State.

MORROW, PRESIDING JUDGE.—The conviction is for possessing and transporting intoxicating liquors; punishment fixed at confinement in the penitentiary for one year.

The count in the indictment submitted to the jury charged that appellant did "receive, transport, export and deliver and solicit and take orders for, and did furnish, spirituous, vinous and intoxicating liquors."

The motion to quash the indictment, in substance, upon the ground that it attempted to charge several distinct felonies in the same count, was overruled.

The prosecution is under Chapter 78, First and Second Called Sessions, Laws of 1919. The count in the indictment is in practically the same language as that before the court in the case of Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515. For the reasons there stated, the indictment in the instant case was defective, and there was error in refusing to sustain the motion to quash it.

The judgment is therefore reversed and the prosecution ordered dismissed.

*Dismissed.*

ON REHEARING.

January 25, 1922.

HAWKINS, JUDGE.—Motion for rehearing was filed by the State on October 26, 1921. It it insisted that we overlooked in our former opinion the fact that by the third count in the indictment appellant was charged with "possession" of intoxicating liquor, and that the third not being subject to the complaint of duplicity, and the jury having returned a general verdict of guilty both for "transporting" and "pos-

session," the conviction should be assigned to the third count. The second count in the indictment was duplicitious as held by this court in Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515, but the third count charging "possession" was good under the law as it was when the indictment was presented and the case tried. There might be some merit in the motion if the Legislature at its called session in 1921 had not so amended the State-wide Prohibition Law as to repeal that portion of it which had formerly made possession of intoxicating liquor an offense. (See First and Second Called Sessions, Thirty-seventh Legislature, chapter 61, page 233.) By the provisions of the amendment the possession of intoxicating liquor is not now made an offense, unless the same is for the purpose of sale.

The motion for rehearing was filed before the effect of this amendment had become a matter of construction. We have had occasion many times recently to hold that an indictment which merely alleges the "possession" of intoxicating liquor charges no offense against the law as amended. There being no saving clause in the amendment it has become necessary in many cases to reverse judgments and order a dismissal of prosecutions where the offense alleged was possession only. (See No. 6571, Dossett v. State, 90 Texas Crim. Rep., 458; and 6570, Williams v. State, 90 Texas Crim. Rep., 455; opinions rendered December 21, 1921; Rozier v. State, 90 Texas Crim. Rep., 337, 234 S. W. Rep., 666.)

By reason of the amendment referred to the third count in the indictment is defective. In the absence of a saving clause in the amendment no further prosecution can be had under that count as written.

The motion for rehearing must therefore be overruled.

*Overruled.*