## WILLIE YOUNG v. THE STATE.

No. 7036. Decided June 21, 1922.

**1.—Intoxicating Liquor—Sale—Allusion to Defendant's Failure to Testify.**

Where, upon trial of selling intoxicating liquor, the undisputed facts showed that no one was present or participated in the transaction in which the prosecuting witness claimed to have purchased liquor from the defendant save the two, a remark by the district attorney in his argument, "Where is the witness to testify that the defendant did not make the sale of whisky?" was reversible error. Following Moore v. State, 237 S. W. Rep., 938, and other cases.

**2.—Same—Indictment—Words and Phrases.**

Where the indictment alleged the sale, barter and exchange of intoxicating liquor by the defendant, there was no error in overruling the motion to quash on the ground that there was no allegation of a sale. A loan, barter, or exchange of liquor is a sale. Following Keaton v. State, 36 Texas Crim. Rep., 259, and other cases.

3.—Same—Bill of Exceptions—Question and Answer Form.

Where it was the desire of appellant to present to this court his complaint of the asking of hurtful questions, whose substantial repetition by the State is urged as injurious, there was no error in overruling the objection on the ground that the bill was in question and answer form, and where the questions were manifestly improper and injurious to defendant, the same was reversible error.

4.—Same—Requested Charges—Argument of Counsel—Practice on Appeal.

Peremptory instructions of acquittal were properly refused, and the court's definition of intoxicating liquor was not erroneous, nor was it error to refuse to give the definition of the word sale as set out in the requested charge, and the evidence being sufficient to support the conviction, there was no error on that ground, but the judgment must be reversed and the cause remanded, on the ground of improper argument by counsel.

Appeal from the District Court of Coryell. Tried below before the Honorable J. R. McClellan.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*McClellan & Cross*, for appellant.—On question of the insufficiency of the evidence: Hill v. State, 117 S. W. Rep., 134; Mann v. State, 44 Texas, 642.

On question of charge of court: Anglin, v. State, 47 Texas Crim. Rep., 110; McDaniel v. State, 46 id., 560.

*R. G. Storey*, Assistant Attorney General, for the State.—On question of sufficiency of the indictment: Travinio v. State, recently decided.

On question of insufficiency of bills of exception: Jetty v. State, 235 S. W. Rep., 589; Rylee v. State, 236 id., 744.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Coryell County of selling intoxicating liquor, and his punishment fixed at confinement in the penitentiary for one year.

The undisputed facts show that no one was present or participated in the transaction in which the prosecuting witness claimed to have purchased liquor from the appellant, save the two. There was a dance in the neighborhood and these two young men were present, and during the night they left in a car and went some distance away. This occurred after prosecuting witness had expressed to appellant a desire for some whisky. This witness swore that on their return to the dance from said trip appellant had something under his coat. Shortly after they came back to the place of the dance appellant came to witness and told him that if he would look at a certain tree he would find the whisky. Said witness further stated that he went to the tree and

found and appropriated the whisky, and that a week later, in the presence of several witnesses, he handed appellant five dollars and stated to him then that it was for the whisky which he had bought.

Appellant presented a bill of exceptions complaining of the argument of the prosecution in closing the case to the jury, claiming that same was a reference to appellant's failure to testify. The bill of exceptions was qualified by the trial curt, and in his qualification the court undertakes to say what was in fact stated in the argument of the prosecution. The court says that the full, exact and complete expression of the district attorney was: "Where is the testimony of the defendant in this case that he did not make the sale—where is the witness that testified that the defendant did not sell the whisky?" We have carefully considered this statement of the district attorney, and in the light of the opinions of this court we are unable to conclude otherwise than that this was a reference to the failure of the defendant to testify. The authorities are numerous and plain. Moore v. State, 237 S. W. Rep., 938; Ross v. State, 85 Texas Crim. Rep., 340, 212 S. W. Rep., 167; Vickers v. State, 69 Texas Crim. Rep., 628, 154 S. W. Rep., 578; Lankford v. State, 87 Texas Crim. Rep., 435, 222 S. W. Rep., 567; Jameson v. State, 79 Texas Crim. Rep., 313, 184 S. W. Rep., 807; Huff v. State, 103 S. W. Rep., 394. It plainly appearing from the record that no one could have testified on behalf of appellant and presented his side of the controversy regarding the sale of said liquor, save himself, it seems to us that it must be conceded that the remarks of the State's attorney were susceptible of no other construction except that they called attention to the fact that appellant did not take the stand and make any explanation.

By motion to quash appellant questioned the sufficiency the indictment. The charge laid therein was the "sale, barter and exchange" of intoxicating liquor. The contention is that each of such acts constitutes a separate offense and that the indictment is duplicitous. A loan barter or exchange of liquor is a sale. Keaton v. State, 36 Texas Crim. Rep., 259; Stanley v. State, 43 Texas Crim. Rep., 270; Morris v. State, 64 Texas Crim. Rep., 498; Barnes v. State, 88 S. W. Rep., 804; Taggart v. State, 97 S. W. Rep., 95; Sparks v. State, 99 S. W. Rep., 546; Howard v. State, 72 Texas Crim. Rep., 624, 163 S. W. Rep., 429. Such being the uniform holding of this court, the effect of the use of the words criticised in the instant indictment, amounts to but a charge of a sale, and this contention is not upheld. This view of ours is not opposed to anything said by us in Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515; Cook v. State, 90 Texas Crim. Rep., 646, 236 S. W. Rep., 723; Smith v. State, 90 Texas Crim. Rep., 273, 234 S. W. Rep., 892; Vrazel v. State, 90 Texas Crim. Rep., 162, 233 S. W. Rep., 842.

The State's objection to bills of exception Nos. 3, 4 and 5 because in question and answer form is not tenable. The desire of appellant

was to present to this court his complaint of the asking of hurtful questions, whose substantial repetition by the State is urged as injurious, and in such case the bill must set out the questions and answers complained of. Many of the matters contained in the questions asked about in said bills do not appear to us objectionable. Appellant lived at the home of a Mr. Whatley. Mr. Whatley's son was on the stand testifying in behalf of the defense, and on cross-examination was asked many questions, among them being the following:

"Tuck Wolf stays down there most of the time, too, and is a crook, too?" To this question, upon objection, no answer was given. The State's attorney then asked: "The defendant is billed over in Bell county for violating the liquor law, isn't he?" Objection to this question was sustained. Appellant was not a witness in the case, nor had he filed any application for suspended sentence. The State placed on the stand one Manning and asked him: "What is the reputation and opinion among the people down there, whether or not they keep whisky at that house or not?" The house referred to was the one at which appellant lived. Each of the questions above set out was manifestly improper and the effect thereof would be injurious to appellant, and none of same should have been asked. We have often had occasion to call attention of State's counsel trying cases, to the necessity of endeavoring to stay within the legitimate method of trial and not attempt to prejudice the case by the introduction in any manner, of matters hurtful to the accused and not admissible as affecting any issue in the case.

There was a number of special charges refused by the trial court, and a number of exceptions leveled at the charge as given. Without reviewing or setting these out at length, we are of opinion that a peremptory instruction of acquittal was correctly refused; that the definition of intoxicating liquor as given in the main charge, as including malt liquor and medicated bitters capable of producing intoxication, was not erroneous; nor was it error to refuse to give the definition of the word "sale," as set out in special charge No. 2, nor to submit the issues herein in a charge devoid of any special definition of such word, and instructing the jury to find appellant guilty if they believed from the evidence beyond a reasonable doubt that he sold intoxicating liquor at the time and place and in the manner as charged in the indictment. The prosecuting witness, on direct examination, testified that he bought some whisky from appellant on the occasion in question, for which he paid appellant five dollars. On cross-examination he gave the details of the trip made by him and appellant and of their return, and of appellant's statement to him that he could find the whisky out in the yard by a certain tree, and that he went to said place and got the whisky, and about a week later he paid appellant five dollars therefor. For the appellant, some of the parties in whose presence prosecuting witness said he paid appellant

for the whisky, stated that they saw no money pass on said occasion. The record further discloses that prosecuting witness refused to disclose to the grand jury when first brought before them the fact that appellant had sold him any whisky, and that on more than one occasion under the direction of the grand jury witness was started to the jail, and that finally he came back and told them that he had in fact gotten the liquor from appellant, all of which facts said witness admitted upon the trial hereof, and also the fact that after he had been before the grand jury he told appellant he had sworn a lie on him. Said witness stuck to the proposition on this trial that appellant had sold him the liquor. There was evidence introduced on behalf of the State without controversy, that the reputation of appellant's witnesses, who were put upon the stand to contradict prosecuting witness as to the fact of the payment of said money, was bad for truth and veracity. The jury's right to pass on the credibility of witnesses and the weight of their testimony, is necessarily true in every case. If the jury believed the State's testiony, a case of sale was amply supported.

For the reasons stated, and chiefly for the character of argument indulged in by the prosecution, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*