DAVID C. STUART, Respondent, v. THE STANDARD OIL COMPANY OF INDIANA, a Corporation, Appellant, and CHARLES HAWKINS, Respondent.

In the Kansas City Court of Appeals, June 26, 1922.

1. **MASTER AND SERVANT: Negligence: Contributory Negligence: Contributory Negligence of Employee Injured in Climbing on Beams Without Waiting for Ladder to Make Exit from Condenser Box Held for Jury.** Where plaintiff, who had been working in a condenser box, eighteen feet deep, upon finishing his work· therein, requested his foreman to furnish a ladder with which to make his exit from the box, *held* it was a question for the jury as to whether plaintiff was guilty of contributory negligence in not waiting longer than thirty to forty-five minutes for the ladder, instead of using the only means at hand for making his exit from the box, by complying with the order of the foreman, as other workmen had done, to climb out of the box by use of I-beams whereby he fell and was injured.

2. ———: ———: **Employer's Duty to Protect Employee from Injury Stated.** In protecting an employee from injury the employer is required to adopt all reasonable means and precautions to provide for his safety while in the performance of his work and to use all reasonable means and precautions against injuring him which ordinary prudence and foresight, in the light of his knowledge

of existing conditions, may dictate, and such rule has reference not only to a reasonably safe place and appliances, but to requirements, demands and orders issued to servants, the liability of the master being measured by his knowledge of conditions, either actual or constructive, of the surrounding facts and circumstances.

3. ———: ———: Duty Nondelegable: Master's Duty to Furnish Safe Place and Appliances Cannot be Delegated to a Foreman. The master's duty to furnish reasonably safe place and appliances cannot be delegated to a foreman.

4. ———: ———: Verdict: Motion for Judgment Non-Obstante Veredicto: Master Held Liable for Servant's Injury Resulting from Nonfeasance Under Doctrine of Respondeat Superior, Although Verdict Exonerated Foreman Who was Charged with Misfeasance: Under Rule Enunciated and Record Master's Motion for Judgment Non Obstante Veredicto Held Properly Overruled. Where an employee, injured while attempting to make his exit from a condenser box eighteen feet deep, in compliance with the orders of his foreman, instead of waiting for a ladder to be furnished him which he had requested, sued his employer and foreman, a verdict in favor of the foreman and against the employer was not contradictory and self-destructive in that it exonerated the foreman from negligence and found employer guilty thereof, since the negligence charged against the foreman was misfeasance, while that charged against the employer was nonfeasance, the employer being liable under the doctrine of *respondeat superior*, regardless of the liability of foreman for positive misfeasance, and, under the rule enunciated and the record the employer's motion for judgment *non obstante veredicto* was properly overruled.

Appeal from the Circuit Court of Jackson County.— *Hon. Willard P. Hall,* Judge.

AFFIRMED.

*Kelly, Buchholz, Kimbrell & O'Donnell* for Stuart, respondent.

*Hogsett & Boyle* for appellant.

ARNOLD, J.—This is a suit in damages for personal injuries. Plaintiff was employed by defendant corporation in a gang of men under the immediate direction of

a "straw boss" or foreman, defendant Hawkins, at the plant of defendant corporation at Sugar Creek, Jackson County, Missouri. A few minutes before the injury this gang had been engaged in removing some wooden trestles from a condenser box made of iron or steel, rectangular in shape and being, according to the testimony of plaintiff, about sixty feet long, thirty feet wide and eighteen feet deep. Some of the gang, including plaintiff were down in the box passing the trestles up to the other men on top. After the trestles were removed, plaintiff says he asked how the men were going to get out, and that Hawkins, the foreman, replied they should "shimmer out," by which he meant they should climb up the I-beams on the inside of the condenser box by holding to the outer flange of the I-beams with their hands and placing their feet on the rivet heads that protrude slightly on the inner flange thereof.

The testimony tends to show that this was the manner in which the employees ordinarily climbed out of said box. Plaintiff testified that he and others of the gang asked Hawkins for a ladder and that, although there was a ladder right at hand leaning against the outside of said box, the foreman refused to give it to them, but told them to "shimmer out" and went his way to the next place where the gang was to work. This statement was denied by Hawkins who was plaintiff's witness.

Plaintiff testified that after the foreman had refused to furnish a ladder and had left, the five or six men waited down in the box for a few minutes and then one by one they climbed up the I-beam and got out, leaving plaintiff down in the box alone. Further, he stated that a man named Cole, who had gotten out, offered to come back and help plaintiff but this offer was refused, plaintiff saying he wanted a ladder, whereupon Cole promised to get one for him and then went away. Cole testified to the same effect but stated there was no ladder at hand. By this time Hawkins and the members of the gang except plaintiff and Cole had gone to the next job about 600 feet away.

The testimony tends to show that Cole left the box where plaintiff was and told the foreman that plaintiff wanted a ladder to get out of the box; that the foreman then sent two men named Shannon and Nevins to get a ladder for the purpose; that Shannon and Nevins procured a ladder and proceeded to lower it into the box when they found that plaintiff had attempted to climb the I-beam as the others had done but had fallen, sustaining the injuries of which he now complains. It appears that plaintiff waited thirty to forty-five minutes for the ladder to be furnished before he attempted to climb out by means of the I-beam; that he tried three times to get out, failing each time and at the fourth attempt, he fell and was injured. The injury occurred on March 1, 1920.

The negligence charge of the petition is "that said Charles Hawkins, acting as the foreman and vice-principal of the defendant corporation, as aforesaid, and in the discharge of his duties as foreman and vice-principal of said defendant corporation, carelessly and negligently failed and refused to furnish this plaintiff with a ladder with which to get out of said condenser box and carelessly and negligently ordered this plaintiff and the other laborers in said condenser box to "shimmer out" of said condenser box. . . . said method by which this plaintiff was ordered to get out of said box was dangerous and unsafe and the order given to this plaintiff was a negligent one and was one likely to result in this plaintiff falling from the side of said box aforesaid to the floor of said box, and thus receive great bodily harm. . . that he remained in said box for a period of about three-fourths of an hour, waiting for defendant and defendant's said foreman and vice principal to furnish him some safe means with which to get out of said box and that the defendants carelessly and negligently failed and neglected so to do," etc.

The petition is directed against both the foreman Hawkins and the Standard Oil Company of Indiana, as

defendants. The amended answer of both defendants is a general denial and plea of contributory negligence. There was no reply. The cause was tried to a jury. At the close of plaintiff's evidence peremptory instructions in the nature of demurrers were offered by both defendants and were refused. Verdict was for plaintiff against defendant corporation in the sum of $2500 and in favor of defendant Hawkins. Judgment was entered accordingly. Motions for new trial and in arrest were filed on behalf of defendant company and overruled. The case was then appealed to this court.

The first assignment of error charges error in the refusal of the court to sustain the demurrer offered by defendant company for the reasons (a) that there was no negligence shown on the part of said defendant, and (b) if it was dangerous for plaintiff to climb the I-beam, no one knew that fact better than plaintiff himself, and he was guilty of contributory negligence as a matter of law in failing to wait for the ladder which Cole had gone to procure for him. [Hatten v. Railroad, 233 S. W. 281.]

The case was submitted on the theory that defendant corporation was negligent for failure to perform its duty to plaintiff. The testimony shows that Hawkins was not a general foreman but a working foreman under Linn. The latter testified that sometimes he provided ladders for the use of men in getting out of the condenser boxes, but the testimony of Hawkins on this point was to the effect that Linn did not provide a ladder on this occasion. Hawkins further testified that he had never been provided with ladders, nor had he provided them for the workmen under him and that he had no charge of the ladders. Witness Geo. M. Webb, for plaintiff, testified that plaintiff went to work in the condenser box at about three p. m. and that quitting time was 4:30 p. m. There was also evidence tending to show that the men had worked in the box about one hour and that plaintiff was in said box from thirty to forty-five minutes longer. In the light of this testimony it was a question for the jury

as to whether or not plaintiff was justified in using the only means at hand for making his exit from the box. We cannot say that in so doing he was guilty of contributory negligence as a matter of law.

In State ex rel. v. Robertson, 188 S. W. 101, the Supreme Court held that where an employer ordered its servant to pass a bolt into a metal smoke stack under construction while he was standing on an opening in the stack about one-fourth of an inch in thickness, with knowledge through its foreman that in fifteen or twenty minutes a platform which would afford the servant a safe place of work would be completed, it was a question of fact for the jury to say whether the employer failed in its duty to observe due care for the servant's safety and thereby subjected him to unnecessary risk. It is a well-known rule that in protecting an employee from injury the employer is required to adopt all reasonable means and precautions to provide for his safety while in the performance of his work. It is the duty of the master and the law requires that he use all reasonable means and precautions against injuring a servant which ordinary prudence and foresight, in the light of his knowledge of existing conditions, may dictate. This rule has reference not only to a reasonably safe place in which to work and reasonable appliances for doing the work, but to requirements, demands and orders issued to servants from time to time. The liability of the master is measured by his knowledge of conditions, either actual or constructive, of the surrounding facts and circumstances. In deciding whether or not the master is negligent, courts do not take into consideration what the servant knew, or what the servant did, or what he might have done.

There is substantial evidence tending to show the condition of the box in which plaintiff was working, as to the means of exit; that defendant's foreman directed plaintiff to "shimmer out" and that plaintiff was injured in endeavoring to comply with said direction. Opposed

to this position appellant's arguments are numerous and strenuously urged, yet they do not tend to modify the rule above announced. The theory of plaintiff throughout was that defendant company owed him certain duties which it negligently failed to perform. It is well settled that these duties could not be delegated to its foreman. We therefore hold there was no error in the action of the court in overruling the demurrer. [Herdler v. Buck's Stove, etc., Co., 136 Mo. 3; Rodney v. Railway Co., 127 Mo. 676.]

Finally appellant contends that the verdict is contradictory and self-destructive in that it exonerates the foreman from negligence and yet finds the company guilty thereof; and that the court erred in refusing to sustain the motion in arrest and for judgment *non obstante veredicto* offered by defendant company. In support of this position, it is urged that the only negligence charged in the petition is that of the foreman Hawkins, and the only basis in the evidence for any claim of negligence on the part of the company was on account of the alleged negligence of Hawkins; that since the jury acquitted Hawkins of negligence, the company likewise stands acquitted; that the negligence on the part of Hawkins was misfeasance and not nonfeasance; that Hawkins having assumed control of the work for the defendant company, any wrongful act on his part, either of omission or commission, would constitute misfeasance, rendering him personally liable to plaintiff; that nonfeasance would be a total omission or failure by Hawkins to enter upon the performance of his duties.

We cannot accept this contention as meritorious. Nonfeasance and misfeasance are both charged in the petition, but the court submitted the case to the jury, as against the defendant company upon mere nonfeasance in failing to furnish a reasonably safe means of exit from the condenser box; and as to defendant Hawkins the case was submitted on the issue of whether said Hawkins ordered plaintiff to use the I-beam in getting out, and

the court specifically directed the jury that if they found that Hawkins did not order plaintiff to use the I-beam they should find for Hawkins.

The principle is well settled that where an agent is employed to perform certain work and negligently fails in a certain element thereof, he is guilty of non-feasance, and his principal is responsible for injuries to third persons· received through such non-feasance. But in case of positive misfeasance and not mere omission on the part of the agent or employee, he will be directly liable to a third party for injuries resulting therefrom. [Harriman v. Stowe, 57 Mo. 93.]  In McGinnis v. Ry. Co., 200 Mo. 347, 1. c. 357, the court says:

"There are two classes of cases falling under this doctrine, one wherein the master is held liable for the non-feasance or negligent failure of the servant to perform a duty, and the. other where the master is held liable for the misfeasance or negligent performance of a duty. In the one case the servant simply negligently fails to do what should have been done, and in the other he negligently does what should have been done and properly done.

"In the first class of cases, the servant is not liable to third parties, but the master under the rule of *respondeat superior* is liable. In the second class both are liable to third parties. The servant because he actually does the wrongful act occasioning the injury. The master because under the rule of *respondeat superior,* he is liable for the negligent act of the agent done within the scope of his employment, and in the course and performance of his master's business. In either case the master has recourse upon the servant as for breach of duty to the master."

Applying this rule to the case at bar, negligence is charged against defendant company through "said Charles Hawkins, acting as the foreman and vice principal of the defendant corporation and in the discharge of his duties as foreman and vice principal, .  .  .. care-

lessly and negligently failed and refused to furnish this plaintiff with a ladder with which to get out of said condenser box, and carelessly and negligently ordered this plaintiff and other laborers in the condenser box to 'shimmer out' of said condenser box,'' etc.

This is certainly a charge of negligence against the defendant company and the doctrine of *respondeat superior* applies, and as stated, this is the theory upon which the case was tried and submitted in the instructions. There is no conflict with the decision in the case of Vest v. Kresge Co., 213 S. W. 167, in this view, and the citations of defendant do not apply. Under the rules above enunciated and the record herein, we hold the verdict was proper and that defendant's motion for judgment *non obstante veredicto* was properly overruled. Affirmed. All concur.