## ARTHUR JOE SHEFFIELD V. THE STATE.

No. 23806. Delivered November 19, 1947.
Rehearing Denied January 7, 1948.

*Elbert R. Jandt,* of Seguin, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder without malice in which the jury assessed a three-year penalty.

Appellant and Rosetta Butler were friends and had been associating together prior to this trouble, but she had withdrawn her affections because, as she explained, she learned that he was a married man. In the late afternoon he accosted her on the street and told her that her brother wanted to see her. It

is in evidence, too, that he was insistent in attempting to force her into a saloon nearby. Her resistence, according to his statement, was emphasized with a small knife which she drew from her purse, but this was denied by the prosecutrix. Regardless of how their trouble arose, it was but a brief period after he approached her until he slashed her throat with his knife, severing both jugular veins. She was given immediate treatment, including a transfusion, which saved her life.

The conflict in the testimony was for the jury to settle and brings nothing for our consideration.

Appellant has three bills of exception. The first one is in question and answer form without a certificate of necessity therefor by the trial judge. For this reason it cannot be considered. Vernon's Ann. C. C. P., Art. 667, Note 23; Green v. State, 160 S. W. (2d) 940; Austin v. State, 187 S. W. (2d) 222; Lerma v. State, 200 S. W. (2d) 635; DeLeon v. State, 201 S. W. (2d) 816.

By Bill of Exception No. 2 complaint is made of the failure of the court to charge on aggravated assault. The bill is qualified by the court to show that no written objections or exceptions were filed to the court's charge before same was read to the jury. Under such condition this bill cannot be considered. Vernon's Ann. C. C. P., Art. 658, and annotations thereunder.

By Bill of Exception No. 3, appellant complains of jury misconduct in that they were allowed to separate from each other. If the facts in the case are deemed sufficient to constitute separation, it was but momentarily and no opportunity appeared to have existed for anyone to communicate with them. We are of the opinion that no injury was shown by this bill. See Article 668, Vernon's Ann. C. C. P., note 4.

Finding no error which we are permitted to consider, in the state of the record, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for a rehearing, appellant earnestly insists that we erred in our original opinion in declining to consider his Bill of Exception No. 1 because it is in question and answer form. He contends that since he objected to the testimony as being improper, it was necessary to set out the question and

the answer thereto in order that this Court might properly determine the matter, and cites us to the cases of Bowers v. State, 134 S. W. (2d) 675 and Young v. State, 92 Tex. Cr. R. 277 (243 S. W. 472, 473) as sustaining his contention. However, we have examined the bill and have reached the conclusion that the bill fails to reflect error. The fact that the injured party ceased her relations with appellant and why she did so was admissible as tending to show a motive for the vicious assault made upon her by appellant. It occurs to us that the doctrine announced in the cases of Menefee v. State, 50 Tex. Cr. R. 249 and Pannell v. State, 59 Tex. Cr. R. 383, applies here.

Appellant's motion for rehearing overruled.

Opinion approved by the Court.