### JIM WILSON v. THE STATE.

#### No. 3691. Decided June 6, 1908.

**1.—Local Option—Charge of Court—Sale.**

Where upon trial of a violation of the local option law the court, in compliance with the facts, charged the jury that if defendant loaned prosecutor a quart of whisky with the understanding that he was to receive the whisky theretofore ordered by prosecutor it would constitute a sale, there was no error. Following Coleman v. State, 53 Texas Crim. Rep. 578.

**2.—Same—Evidence—Custom of Clubroom.**

Upon trial of a violation of the local option law where the evidence showed that the prosecutor made a so-called loan of whisky from one of the members of the clubroom, there was no error in admitting testimony that such was the custom of the clubroom.

**3.—Same—Evidence—Order for Whisky.**

Upon trial of a violation of the local option law there was no error in admitting testimony with reference to the order for whisky given by prosecutor to the defendant, on the objection that it was secondary evidence; the purpose of the testimony being simply to show the substantial fact that the prosecutor had made an order in writing for the whisky, the construction of the order was not involved.

**4.—Same—Sufficiency of the Evidence—Sale—Loan.**

Where upon trial of a violation of the local option law the evidence showed a so-called loan of whisky, which constituted a sale, it was immaterial that the money was paid to another, and the conviction was sustained.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was charged in the County Court

of Coleman County with unlawfully selling intoxicating liquors in vio-
lation of the local option law in said county. On trial he was convicted
and his punishment assessed at a fine of $50 and twenty days confine-
ment in the county jail.

Appellant has appealed to this court and assigns sundry errors
claimed to have been committed in the court below, on all of which
he seeks a reversal of such judgment of conviction. Proof was duly
made in the court below that local option had been legally adopted in
precinct No. 7 of Coleman County, Texas, where the sale charged was
made. There were but two witnesses, Ab Glasscock, to whom the sale
was alleged to have been made, testified that about the first day of Sep-
tember, 1906, he went into Jim Woodward's clubroom in the town of
Santa Anna, and made a written order for a quart of whisky which he
gave to Woodward together with $1.25. That he asked Woodward
if he could get the whisky then; that Woodward replied he could not
unless he could borrow it from some of the boys. That he then turned
to Jim Wilson, appellant, who was present at the time, and asked him if
he could let him have a quart of whisky; that he had just ordered, made
an order for a quart of whisky, and that when it came he could have it.
He testified that appellant told Woodward to let him have a quart of his
whisky, and that Woodward handed same to him. The testimony of
Woodward does not in any respect contradict that of Glasscock, but re-
lates to other matters which will be noticed further in this opinion.

The court charged the jury, in substance, if appellant loaned Glass-
cock a quart of whisky with the understanding that he was to receive the
whisky theretofore ordered by Glasscock, that these facts under the law
would constitute a sale. This instruction has been sustained in the
case of Coleman v. State, 53 Texas Crim. Rep., 578, this day decided and
need not be further considered.

Appellant complains of the admission of the testimony of Jim Wood-
ward to the effect that it was the custom of his clubroom in September,
1906, among the people who were members of same, to loan one another
whisky when they had ordered whisky. He states the matter thus:
"And it was the custom and rule of my clubroom to make an entry on
the order given, showing who loaned the whisky so that we could tell,
when the order was filled, who it was going to. For instance, if you
ordered a quart of whisky from me and borrowed a quart from some one
else, I would make an entry on the order 'by so and so' and state who.
By that means I could tell who let you have it and who was to get your
whisky when it came. Yes, this was the custom last September." We
think this testimony was admissible as tending to confirm and supple-
ment the testimony of Glasscock.

Again, appellant objected to the testimony with reference to the
order for whisky given by Glasscock to Woodward. We do not think the
testimony subject to the objection. The effect of the evidence was sim-
ply to show the substantial fact that he had made an order in writing
for the whisky. Its terms or proper construction was not an issue in

the case, nor was the prosecution based on same. It was incidental and preliminary to the substantial charge of a sale by appellant under a pretense of a loan of whisky to Glasscock. We cannot, therefore, think that the testimony admitted impinges on the rule prohibiting the introduction of secondary evidence.

The only other ground of appellant's motion for a new trial is in substance that the verdict of the jury is contrary to the law and the evidence in that the undisputed evidence shows that if anybody made a sale of whisky to the witness, Ab Glasscock, that it was Jim Woodward and not this defendant; that the undisputed evidence shows that at the time the witness Glasscock got the whisky he paid Jim Woodward for it and there is no evidence showing that Wilson ever received anything in return for said whisky that was delivered by said Woodward to Ab Glasscock. We think under the decisions heretofore made by us that this ground of the motion cannot be sustained. The testimony of Glasscock, if believed, showed clearly that appellant loaned and had delivered to him on his promise and assurance that when the liquor which he ordered from Woodward should arrive that same should be delivered to him, appellant. This under the decisions constitute the transaction a sale, and the jury having found the truth of the State's contention it results that the conviction was authorized.

Finding no error in the proceedings of the court below, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.