### W. R. Beckham v. The State.

No. 3694.   Decided June 10, 1908.

**1.—Local Option—Bill of Exceptions.**

Where upon appeal the bill of exceptions, to the objection of testimony introduced by the State with reference to the order for whisky, did not show why said testimony was introduced the same could not be considered; besides the mere fact that he ordered whisky elsewhere could not have prejudiced the appellant in this case.

**2.—Same—Charge of Court—Loan—Subterfuge.**

Where upon trial of a violation of the local option law the evidence showed that there was a sale and not a loan, which latter was a mere subterfuge, the court correctly charged that if the jury believed the evidence, the same would constitute a sale.

Appeal from the County Court of Coleman. Tried below before the Hon. F. M. Bowen.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Woodward & Baker,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—This conviction was for violating the local option law, the punishment assessed being a fine of $25 and twenty days imprisonment in the county jail.

The facts in this case are very similar to those in the case of Dave Coleman v. State, this day decided. The facts show that the prosecuting witness, Jim Kyle, went into appellant's place of business, who was engaged in running a clubroom, in the town of Santa Anna, Coleman County, Texas, about the 15th day of January, 1907, and signed a written order for a quart of whisky. "Defendant made out the order for me and signed my name to the order. At the time this order was given to the defendant I paid him $1.25. I asked him if I could get the whisky now, and he said, no, unless you could borrow it from some of the boys. About that time Uncle Bobbie came into the clubroom and

defendant said, 'May be Uncle Bobbie can let you have it.' I called Uncle Bobbie and told him that I had ordered a quart of whisky from the defendant and that I wanted to borrow a quart from him until mine came, and when mine came he could get it. Uncle Bobbie asked defendant if I had made an order, and defendant told him yes, and Uncle Bobbie said, 'Let him have a quart of my whisky.' I told defendant that when my whisky came to deliver it to Uncle Bobbie, and he said all right. The defendant then handed me a quart of whisky. I have never received the whisky that I ordered."

Bill of exceptions No. 1 complains of the following: While the witness Kyle was on the stand, over appellant's objection, he testified that he made a written order for whisky through Jim Woodward to Ballinger, Texas, and defendant, at the time it was offered, objected to said testimony for the following reasons: Because same was immaterial, irrelevant, incompetent, and prejudicial, and the written order was the best evidence of what he had done, and because same was not an issue before the jury. The bill does not show why this testimony was introduced. The mere fact that he ordered whisky elsewhere could not have prejudiced appellant in this case.

Bill of exceptions No. 2 complains of the following charge: "You are therefore instructed that if you believe from the evidence herein beyond a reasonable doubt that the alleged witness Jim Kyle on or about the 15th day of January, 1907, in Coleman County, Texas, in justice precinct No. 7 of Coleman County, Texas, borrowed a quart of whisky from Bob Taylor with the understanding and agreement that said witness Jim Kyle had ordered a quart of liquor from or through the defendant W. R. Beckham, and that when his, the said Jim Kyle's intoxicating liquor came that said Bob Taylor was to receive the intoxicating liquor, if any, and if you so believe from the evidence beyond a reasonable doubt that the defendant was present and delivered said intoxicating liquor, if any, to said Kyle so loaned, if any, at the instance and request of Bob Taylor, if any, then you are instructed that the loan of said intoxicating liquor, if any, under such circumstances, if any, and the delivery, if any, would be an unlawful sale of intoxicating liquor." Appellant complains of the charge on the ground that same was not an application of the law to the facts in the case, and the vice was that the defendant would be guilty if Bob Taylor loaned Jim Kyle any whisky, and, again, there was no evidence to authorize such a charge. "The court should have used the word "loan" in connection with the above charge, but the facts in this case show that there was a sale and not a loan. The court should have told the jury that if the above facts were true, or if they believed the same beyond a reasonable doubt, to find appellant guilty of a sale." This is in substance what we understand the court did do. To say that appellant can start a clubhouse and resort to such subterfuge as above and the facts not constitute a sale, is a proposition we cannot assent to. It clearly shows that the witness Taylor was assisting appellant in selling whisky to the

prosecuting witness, and that Taylor and appellant both are guilty of the sale. For authorities on this question see Dave Coleman v. State, No. 3640, this day decided.

The local option law in precinct No. 7, for violation of which this prosecution is instituted, is in all respects formal.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*