## J. C. MORRIS v. THE STATE.

No. 1465.    Decided January 10, 1912.

**1.—Local Option—Sale—Loan—Ignorance of the Law.**

Where, upon trial of a violation of the local option law, the evidence showed that the defendant loaned the whisky to prosecuting witness expecting the latter to return the same in kind, this constituted a sale and a violation of the law, and defendant could not plead ignorance of the law.

**2.—Same—Continuance.**

Where the absent testimony would be no defense to the prosecution,' there was no error in overruling a motion for continuance.

**3.—Same—Case Stated—Exchange.**

The delivery of whisky to another in local option territory, if remuneration of any kind is expected or intended, constitutes a violation of the law, and it is immaterial whether the payment is to be made in money, other whisky, or other merchandise of any character. Following Tombaugh v. State, 50 Texas Crim. Rep., 286, and other cases.

**4.—Same—Policy of the Law—Intent.**

Although defendant may not have intended to violate the law, and the case may have the appearance of being an innocent transaction, yet the law can not be made to bend to accommodate hard cases; and where the jury assessed the lowest penalty, there was no error.

**5.—Same—Stare Decisis—Judicial Precedent.**

The rule of Stare Decisis must be recognized when the courts have adhered to a certain judicial construction for many years.

Appeal from the County Court of Nacogdoches.    Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*V. E. Middlebrook,* for appellant.—On question of bona fide loan: Ray v. State, 46 Texas Crim. Rep., 176; Coleman v. State, 53 id., 577, dissenting opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted by the grand jury of Nacogdoches County, Texas, charged with violating the local option law, and when tried, was convicted and his punishment assessed at the lowest penalty fixed by law, the jury at the time they returned the verdict stating through their foreman that while this was their verdict, they did not believe the defendant had intentionally violated the law.

This brings up virtually the sole question involved in a decision of this case.    The defendant testified he did not sell the prosecuting witness any whisky, but he knew he got the whisky, and that while he did tell him that he would not sell it to him, he did state to him that he would loan the whisky to him, and that he expected him to pay the whisky back; that he knew the prosecuting witness got the quart of whisky.

Appellant filed a motion for a continuance on account of the absence of the witness Walter Shaw, by whom he stated he expected to prove, in substance, the same facts as testified to by defendant. Of course, if this loan of whisky constitutes a violation of the law, there was no error in overruling the motion for continuance, as the testimony of the absent witness would be no defense to the prosecution, and especially would it present no ground to set aside the judgment when the jury assesed the lowest penalty, and in returning the verdict stated, in effect, they believed the state of facts and that defendant did not intentionally violate the law.    If these facts constitute a violation of the law, it is no defense that there was no intention to violate the law, for a mistake of law excuses no man. (Art. 46, Penal Code.)    All persons are required to know the law. (Steinberger v. State, 35 Texas Crim. Rep., 492; Jones v. State, 32 Texas Crim. Rep., 533; Medrano v. State, 32 Texas Crim. Rep., 214.) In the Steinberger case, although it was shown that the defendant acted on the advice of friends, who assured him that his acts con-

stituted no violation of the law, yet as the acts were violative of the law, this was held to be no defense. The question here presented has been before this court in a number of cases, and the acts of appellant have been held to be a violation of the law. While able counsel for appellant have filed a strong argument that a loan of an article to be returned in property of like kind does not constitute a sale, this is no longer an open question in this State. The court has held that by delivering whisky to another, if remuneration of any kind is expected or intended, it constitutes a violation of the local option law, and it is immaterial whether the payment is to be made in money, other whisky, or other merchandise of any character. Tombeaugh v. State, 50 Texas Crim. Rep., 286; Taggart v. State, 97 S. W. Rep., 95; Treadaway v. State, 42 Texas Crim. Rep., 466; Stanley v. State, 43 Texas Crim. Rep., 270; Barnes v. State, 88 S. W. Rep., 804; Coleman v. State, 53 Texas Crim. Rep., 578; Wilson v. State, 54 Texas Crim. Rep., 13; Beckham v. State, 54 Texas Crim. Rep., 28; Daniel v. State, 57 Texas Crim. Rep., 467. In this latter case the opinion is by Judge Davidson, who, while dissenting at the time of the original holding, yet in the Daniel case cites the authorities, and states that such is now the law in this State, and aptly expresses the opinion that might be expressed in this case, saying: "No doubt appellant may not have intended to violate the law, and while the case has the appearance of being an innocent transaction, yet the law can not be made to bend to accommodate hard cases." And while we feel that the facts in this case present a case for executive clemency, under the statements of the jurymen who adjudged appellant guilty, yet the pardoning power is no more in our hands than it was in the hands of the jury who tried appellant, and he having violated the law as announced by this court prior to our accession to the bench, and which has been adhered to in a number of decisions, only a part of which are cited above, we do not feel authorized to change this rule of law. Where this court has held for a number of years to a given construction of the law, we feel bound thereby, and if any change is to be made in the rule of decision adhered to for any great length of time, this is to be exercised by the legislative branch of the government and not this court. We have followed and are now following the decisions of this court in many instances where we think it for the best interest of the State that the law was otherwise than as held by this court, yet as we have heretofore said, the bar and the people of this State are entitled to know what is the law, and that it should not be subject to change by the mere opinion of one who is fortunate enough to be elected to this high position. As said in the Lewis case, 127 S. W. Rep., 808:

"For the reasons given here, we feel that at this late date to sweep aside the established rule and unsettle the law still further would be, if not judicial usurpation, at least without sufficient warrant in law and utterly inexcusable, and to proclaim ourselves as unworthy

to sit on this high tribunal. It should never be forgotten that this is a land where the law reigns supreme. Uniformity and certainty of decision is of the highest importance. We are not so much to declare our personal views of what the law ought to be, but to lay down with as much definiteness and certainty as may be what it is, and, when so adjudged, to enforce it with inflexible fidelity, without passion, and without weakness. If, coming to this high position of power and responsibility, I may, moved by a mere personal opinion, in my day and time, unsettle and undo the work of the great men who have preceded me, consistent, coherent, and undoubted from the day when I was yet a briefless lawyer, the man who on the morrow takes my place will have the same warrant to undo and unsettle the rules we establish, and so on to the end of time. So that, from having a country governed, controlled, and regulated by law, we shall have a land where the mere personal opinions of the judge in office at the time shall rule the fortunes and control and mar the destinies of a free people, and by force of an election, where such punishment was never considered, condemn the citizen to penal servitude as a felon for an act not held to be such under the decisions of this court time out of mind. Against this doctrine of personal rule and unrestrained absolution we resolutely set our faces, and prefer to follow the law as it has been so long and so often declared, conscious of our responsibility, and saying with all sincerity of the law that it must and will be upheld, and that, though it slay me, yet will I trust in it."

This disposition of this question in effect disposes of all the questions raised by appellant in his motion for a new trial, for appellant in his testimony admits he loaned to the prosecuting witness whisky which he expected to be repaid in whisky in like quantity, and as the jury assessed the lowest penalty authorized under our laws, there is no question raised which would authorize a reversal of the case.

The judgment is affirmed.

*Affirmed.*