## ROBERT HOWARD v. THE STATE.

### No. 2976.  Decided January 28, 1914.

**1.—Local Option—Sufficiency of the Evidence—Loan.**

Where, upon trial of a violation of the local option law, there was some evidence that defendant received money in payment of whisky from one party, and made a loan of whisky to another to be repaid in kind, the evidence was sufficient to sustain the conviction. Following Morris v. State, 64 Texas Crim. Rep., 498.

**2.—Same—Cross-examination.**

Where defendant's witness claimed that he did not pay for the whisky he got from defendant at the time, there was no error in permitting State's counsel on cross-examination to show that the witness did pay for the whisky; and he thereby did not make him his witness.

**3.—Same—Law in Force—Orders of Commissioners Court.**

Either the minute book where the orders were entered in the minutes of the Commissioners Court showing that local option was in force were admissible in evidence, or properly certified copies thereof, and there was no error to permit the State's counsel to read these orders to the jury before the argument began; there being some misunderstanding as to whether they had been admitted in evidence.

**4.—Same—Papers to be Taken With Jury.**

The jury have the right to take with them in their retirement to consider their verdict the certified copies of the minutes of the Commissioners Court of orders relating to the prohibition law being in force; besides, defendant agreed thereto.

**5.—Same—Charge of Court—Intent—Loan.**

The court properly refused to give defendant's special charge to the effect that if he had no intention of violating the local option law to acquit him, even though he only loaned the whisky to be returned in kind.

**6.—Same—Jury and Jury Law—Talesman—Sheriff.**

In the absence of a bill of exceptions an objection in the motion for new trial that the sheriff was not sworn before he summoned a talesman who served on the jury comes too late; no injury having been shown. Following Williams v. State, 29 Texas Crim. App., 89, and other cases.

**7.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Madison. Tried below before the Hon. J. M. Brownlee.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for unlawfully selling intoxicating liquors in prohibition territory appellant was assessed the lowest punishment—a fine of $25 and twenty days in jail.

The uncontradicted evidence by appellant himself and the only two witnesses who were introduced showed that on the date charged appellant came from Madisonville in his wagon, passing where the other two witnesses were, and that he had gotten at Madisonville and had with him at the time some whisky. Frank Dowell, one of these witnesses, testified that when appellant approached them he asked him if he had "anything." Appellant replied, "Yes." The witness asked him if he could get some. He replied, "I don't know, I reckon so." The witness then told appellant he wanted some for a sick man, telling who it was. He then said, "We (meaning himself and the other witness, Allphin) then got in appellant's wagon and rode down the way a piece with him." The witness said: "I told the defendant that I would have a shipment in in a few days, that I had ordered some and that when it came I would pay him back with a quart of mine. He handed me a quart of whisky. I did not pay the defendant one cent for what whisky I got from him. What I got from him I borrowed intending to pay it back when mine came in that I had ordered." That Allphin then spoke to him and told appellant that he wanted a quart. Appellant said the whisky cost him $1 a quart at the bar. He then handed Allphin a quart and Allphin handed him $1.

The appellant himself testified substantially as did said witness Dowell, except that he said he did not say that he paid a dollar a quart for the whisky at the bar, and he further said that Allphin borrowed the quart of whisky that he, Allphin, got and was to return him in the place

of it another quart when his came in. And further that while Allphin did give him a dollar at the time that he told him that it was a dollar owed appellant by Allphin's brother and he had sent the money to him.. The appellant then introduced said Allphin who substantially corroborated appellant's statement.

In other words, appellant testified that on said occasion he loaned each of those witnesses a quart of whisky, each to return, in place of it,. a quart when they got their whisky. Allphin testified to the same thing. The difference between them was that Dowell testified that appellant at the time sold to Allphin the quart of whisky Allphin got from him and paid a dollar for it. Allphin and appellant claimed that he didn't sell it to him at the time, but that the dollar was a dollar his brother owed appellant and sent to him at the time. They all testified that neither witness repaid to appellant the quart of whisky each got from him at the time. They offered to do so but appellant refused to accept it under advice after this prosecution was begun. In any and every contingency, under the law of this State, even if appellant only loaned to Allphin the whisky, which was to be paid back in whisky, this was a sale in violation of the prohibition law. Morris v. State, 64 Texas . Crim. Rep., 498, 142 S. W. Rep., 876.

Allphin, appellant's witness, in his direct examination, in effect, testified that he borrowed a quart of whisky from appellant and did not buy it or pay for it at the time. On cross-examination, the county attorney had the right to ask him if he didn't give appellant a dollar for it at the time he got the whisky; and then to cross him further with a view of showing that he paid that dollar for the whisky, and that that dollar was not sent by his brother by him to appellant. All this was proper cross-examination. By this cross-examination the State did not make the witness Allphin its witness, and it was not bound by his answers, but the State could disprove them as it did by the other witness.

By other bills it is shown that when the State was first making out its case, in order to show that the prohibition law was in force in Madison County, produced and offered in evidence certified copies of the minutes of the Commissioners Court, showing all the necessary things to show that the law was in force. At the time the appellant objected to the certified copies, contending that the records themselves were the best evidence. The court overruled this objection. The copy was not read to the jury at the time, because, as the court says in qualifying the bill, that the defendant waived the reading of it and consented that the jury might take it with them in their retirement and deliberation of the case, which the jury did. That after the evidence was concluded the county attorney made and closed his opening speech. Appellant, by his attorney, thereupon requested the court to charge the jury to acquit the defendant because the State had failed to prove that the prohibition law was in force at the time of the alleged sale. Thereupon, the court permitted the county attorney, at that stage, to read to the jury the said certified copy. Even, if under the circumstances, it had been nec-

essary to read these orders to the jury before the argument began, or the evidence closed, the court, under the statute and decisions, clearly had the discretion to permit it to be done at the stage he did, and by such permission, at that time, he did not abuse his discretion.  C. C. P., art., 718.

Either the minute book where these orders were entered in the minutes of the Commissioners Court were admissible, or properly certified copies thereof.  One was just as admissible as the other—made so by the statute.  Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.  As we understand, there was no contention in the court below that these certified copies did not fully show a proper election for prohibition and all the other necessary orders, publication, etc., to put prohibition in force.  The objections only were that the copies were not admissible, and that the county attorney didn't have the right to read them to the jury after he had closed his opening argument.

The jury had the right to take with them, on retiring to consider their verdict, the certified copies of the said orders which were used in evidence.  C. C. P., art. 751.  Besides, the appellant expressly agreed that they could do so.  Hence, their doing what the statute authorized them to do, and to which appellant agreed, was correct, and in no event is appellant's complaint of this action error.

The court properly refused to give appellant's special charge to the effect that if appellant had no intention of violating the local option law to acquit him.  Intent has nothing to do with the violation of this law.  A loan of whisky to be returned in whisky is a sale.  Morris v. State, supra.

This case was tried October 15, 1913.  Two days later, for the first time, in his motion for new trial, appellant claimed that the sheriff was not sworn before he summoned one talesman and that that talesman completed the jury and sat thereon.  In hearing the motion for new trial the court heard evidence and it is established that the sheriff had not been sworn before he summoned that talesman.  He has no bill of exceptions on the subject.  It is too late, after the trial, for the first time, to raise any such question.  If at the time the juror was summoned he had made any such objection and he had saved his point by bill of exceptions a different question would be presented.  Doubtless if he had at that time made the objection, the court would have sustained the objection, sworn the sheriff and had him to summon a talesman.  No injury is shown to appellant by the failure of the court to swear the sheriff before he made this summons.  Williams v. State, 29 Texas Crim. App., 89; Adams v. State, 35 Texas Crim. Rep., 285; Bizzell v. State, 72 Texas Crim. Rep., 442, 162 S. W. Rep., 861, and cases there cited.

No other verdict, under the evidence in this case, should or could legally have been rendered than that of guilt under the appellant's own testimony.  His punishment was fixed at the lowest prescribed by law.

The judgment is affirmed.

*Affirmed.*