OLEN OGLE V. STATE.

No. 24674. March 1, 1950.
Rehearing Denied April 5, 1950.

*Boling, Smith & Allen,* Lubbock, for appellant.

*Loyd A. Wicks, Jr.,* County Attorney, Crosbyton, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant sold a pint of whiskey to W. A. Phillips on April 29, 1949, in Crosby County, Texas. He was tried and convicted and his punishment was assessed at a fine of six hundred dollars and six months' confinement in jail.

These are the facts as stated in appellant's brief. There is no statement of facts in the record.

Proof that Crosby County was a dry area was made by introduction of the minutes of the commissioners' court of said county from which minutes the county clerk read the orders that established the status of said county as being a dry area.

Appellant's contention is that such minutes were not original papers and were therefore inadmissible until it was first shown that the original papers were lost or destroyed.

The original minutes of the commissioners' court, or certified copies thereof, are admissible as evidence to prove the status of a county as a dry area. See Clayton v. State, 67 Tex. Cr. R. 311, 149 S. W. 119, 124; Cook v. State, 146 Tex. Cr. R. 523, 176 S. W. 2d 941; and Art. 666-37, P. C.

No error appearing, the judgment is affirmed.

Opinion approved by the court.

Hawkins, P. J., absent.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant urges that we failed to get the gist of his objections to the testimony of the county clerk, wherein he read from certain Minutes of the Commissioners' Court of Crosby County. It is the appellant's contention that the original papers relative to such minutes were the best evidence and that secondary evidence relative to such orders was not admissible, the original orders not being present or their absence accounted for. We are at a loss to understand such objection, unless it means to say that the original notes of the meeting of the commissioners' court should have been introduced herein as a basis of the minutes of such court.

It is shown that the county clerk testified that as such he had custody of the Minutes of the Commissioners' Court and

he turned to volume 5 thereof, page 319, and read therefrom an order of such court. This proof could have been made either by the minutes themselves or by certified copies thereof. See Howard v. State, 72 Tex. Cr. R. 624, 163 S. W. 429; Johnson v. State, 55 S. W. 968; Hart v. State, 67 Tex. Cr. R. 497, 150 S. W. 188; Jones v. State, 76 Tex. Cr. R. 239, 174 S. W. 349.

The statute, Art. 666-38, Vernon's Ann. P. C., provides that the county judge of the county shall make an entry of the result of such election in favor of the prohibition of such sale in the minutes of the commissioners' court, and "an entry thus made or a copy thereof certified under the hand and seal of the clerk of the court shall be prima facie evidence of such posting." See Cook v. State, 137 Tex. Cr. R. 492, 132 S. W. (2d) 404.

The motion for rehearing will therefore be overruled.