**H. A. DE YOUNG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27149.**

Court of Criminal Appeals of Texas.

Nov. 17, 1954.

Rehearing Denied Jan. 12, 1955.

J. R. (Billy) Hall, Littlefield, for appellant.

J. Edward Line, County Atty., Hereford, Wesley Dice, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area with a prior conviction of an offense of like character plead to enhance the punishment; the punishment, 60 days in jail and a fine of $500.

■ Inspector Barba of the Liquor Control Board testified that he and Inspector Rakestraw went to the appellant's place of business in the City of Hereford on the day in question, that Rakestraw waited outside, and that he went in and purchased a pint of whiskey from the appellant, for which he paid him $6.

Appellant and his wife testified that Barba came to their store on the day in question and persuaded the appellant to deliver a pint of whiskey to him but that the appellant refused any pay therefor and only asked for its return in kind the next time Barba came through Hereford. Appellant admitted that he was the same individual who had been convicted in the prior case alleged.

The jury resolved the disputed issue of fact against the appellant, and we find the evidence sufficient to support the conviction.

Appellant has favored this Court with a quite lengthy brief in which he seeks to raise many questions. A discussion of most of the bills of exception would add nothing to the jurisprudence of this State and will be omitted.

■ We do, however, find a plea of former jeopardy which will require some discussion. From the record it appears that this case was called for trial on January 12, 1954; that a jury was selected, the information read, and the appellant plead thereto, at which time the court was recessed for the noon hour; that all the participants returned after lunch save one juror; that after waiting until 4:45 p. m. for the absent juror to return, appellant filed a motion for mistrial, and at 5:00 p. m. the jury was dismissed and the case continued.

It is apparent from the appellant's motion for mistrial, from the plea of former jeop-

ardy and the State answer thereto, both filed at a later date when the case was again called for trial, that the juror Ritter had learned of the illness of his daughter, had secured the permission of the trial judge to leave, but that the trial court made no effort to secure the consent or agreement of appellant or his counsel before he gave his permission.

If the trial court in fact excused the juror from further service in the case, then he committed error. But such is not shown in the record before us. The trial court would have a right to determine the hours for hearing in his court, and, this being a misdemeanor case, he had a right to delay the proceedings in order that a juror might attend the bedside of a member of his family. From the fact that the judge waited around all afternoon, with nothing more in this record to enlighten us, it would appear that he expected the juror to return. So we see that the court had committed no error until he excused the jury at five o'clock. This he did in response to appellant's written motion for mistrial, and therefore the appellant, having specifically prayed for the action of the court about which he now seeks to complain, cannot successfully raise the question of former jeopardy. This we think is so fundamental as to not require the citation of authorities.

Finding no reversible error, the judgment of the trial court is affirmed.

On Appellant's Motion for Rehearing

WOODLEY, Judge.

Appellant complains of our disposition of his bills of exception relating to the plea of former jeopardy; and also of our overruling other bills without discussion. In the light of counsel's motion and oral argument, we will further discuss his claims of error.

■ It is settled law that the defendant may not claim the defense of former jeopardy because of a discharge of the jury at his request or with his consent. See 12

Tex.Jur., p. 551, Par. 235; Branch's Ann. P.C., p. 325, Sec. 636.

The excusing of a juror occurred at a former trial and, in response to appellant's motion, caused the entry of the order declaring a mistrial. The case then stood for trial as though the jury discharged had not been empaneled. There was, therefore, no issue to be submitted to the jury in regard to the matter occurring on the former trial.

■ Appellant objected to the court's main charge because it did not submit "an affirmative defense offered in evidence by the defendant."

The objection did not point out what was claimed to be the affirmative defense omitted from the charge, and was therefore not in compliance with Art. 658, Vernon's Ann.C.C.P. This statute requires that the defendant's objection be filed in writing "distinctly specifying each ground of objection."

The trial court in a supplemental charge, instructed the jury to acquit if they found or had a reasonable doubt that appellant made a gift of the liquor to Barba and no further objections were made.

■ Appellant insists that reversible error is shown by his informal bill of exception No. 2, the contention being that no proper predicate was laid for the introduction of the records showing the dry status of Deaf Smith County.

The state called the witness Ralph Smith who testified that he was County Clerk of Deaf Smith County; that the records of the Commissioner's Court of said county were in his custody, keeping and control and that it was his duty to keep such records; that he had in his lap Volume One of such Commissioner's Court Records.

The state then offered in evidence certain pages of such Volume One of the Commissioner's Court Records and requested the witness to read therefrom.

The Clerk was then permitted to read from such record the orders showing the dry status of Deaf Smith County, over the objection that the proper predicate had not been laid.

It is appellant's contention that before the records mentioned were admitted, it was incumbent upon the state to make proof that the records were permanent records, were correctly kept according to law.

We have held that the dry status of a county may be established by the introduction of the original minutes of the Commissioner's Court or by certified copies thereof, and have upheld the method here used in making such proof. See Ogle v. State, 154 Tex.Cr. 487, 228 S.W.2d 164, and cases there cited.

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.