NO. 12-03-00224-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
WILLIAM MARK WESTMORELAND,            §                APPEAL FROM THE
APPELLANT
 
V.                                                                          §                173RD DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                         §                HENDERSON COUNTY, TEXAS
                                                                                                                                                            
OPINION
            Appellant William Mark Westmoreland was convicted by a jury of murder. The jury assessed
his punishment at imprisonment for forty-five years and a ten thousand dollar fine. He raises three
issues on appeal. We affirm.
 
Background
            Appellant and his wife, Debra (now Debra Westmoreland Pierce), separated on December 6,
2000. Debra moved from their home, assisted by the decedent, Kenneth Zoch. Appellant was to be
away from the house during the move, but came home early. Words were exchanged, and Appellant
shot Zoch twice, killing him. 
            On February 14, 2003, more than two months before trial, the State filed a motion to amend
Appellant’s indictment. Appellant did not object to the amendment. The court entered a written
order amending the indictment, but the changes were never interlineated on the indictment.
            Prior to trial, Appellant filed a motion in limine to exclude certain extraneous conduct. The
trial court granted the motion. However, during the trial, two State’s witnesses violated the motion
in limine by mentioning two extraneous offenses alleged to have been committed by Appellant. 
Appellant objected to the admission of the testimony.
            After the trial, it was determined that a juror who sat on the case was not the same “Robert
Bruce Bankhead” who had been summoned. At the hearing on Appellant’s motion for new trial,
Appellant developed testimony that the wrong Robert Bankhead had served on the jury. Rather, the
Robert Bankhead who sat as a juror was the father of the summoned person, Robert Bankhead, III. 
            The jury convicted Appellant of murder, sentenced him to imprisonment for forty-five years,
and assessed a fine of ten thousand dollars.
 
Amendment of Indictment
            In his first issue, Appellant contends the trial court erred in denying Appellant’s motion for
continuance and proceeding to trial on the “amended” indictment because the amendment was not
effective. 
Relevant Facts
            Appellant was indicted for the murder of Kenneth “Zock” by shooting him in the chest. On
February 14, 2003, the State filed a motion to amend the indictment. The State requested several
alterations of the indictment, including a change in the victim’s name from “Zock” to “Zoch” and a
change in the manner of committing the act of murder from “shooting Kenneth Zock in the chest” to
“shooting Kenneth Zoch in the buttocks and in the arm and through the chest.” Appellant did not
object to the amendment, and the court signed an order granting the motion. 
            On April 28, 2003, during the jury selection process, the court recounted the facts of the
February 14 hearing.


 The court noted that Appellant and his attorneys were present at the hearing
on the State’s motion to amend the indictment and that Appellant did not object to the State’s motion. 
The court also noted that it had granted the motion and signed an order reflecting its ruling. The trial
court acknowledged that it did not personally interlineate the changes on the original indictment;
rather, the court stated that it most likely instructed the court clerk to do so. The clerk did not make
the changes on the original indictment. 
            Appellant objected that the amendment was not effective because the changes had not been
made on the original indictment and the order granting the State’s motion to amend the indictment
was insufficient to amend the indictment. The court noted that at the hearing on the motion, which
occurred on February 14, 2003, Appellant was given notice of the order granting the State’s motion
and made no objection to the order. Appellant then contended that he had not been actually served
with the order on the motion to amend. Appellant claimed that he was entitled to two days notice of
the amendment according to Texas Code of Criminal Procedure, article 26.03. See Tex. Code Crim.
Proc. Ann. art. 26.03 (Vernon 1989). The court responded that Appellant had been given a copy of
the order on February 14, 2003 and proceeded to arraign Appellant on the amended indictment. 
When the court asked for announcements, Appellant announced not ready on the amended indictment,
due to the objections previously stated, but announced ready on the original indictment. The court
overruled Appellant’s announcement. Appellant filed a verified motion for continuance, which the
trial court overruled. 
Applicable Law
            A criminal defendant is guaranteed the right to know the allegations against him contained
in an indictment returned by a grand jury and to have a copy of the indictment. Tex. Const. art. I,
§ 10. An indictment vests the trial court with jurisdiction and provides the defendant with notice of
the offense with which he is charged so that he may prepare, in advance of trial, an informed and
effective defense. Riney v. State, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000). 
            Texas Code of Criminal Procedure, article 28.10 prescribes the following procedure for
amending an indictment:
 
(a) After notice to the defendant, a matter of form or substance in an indictment or information may
be amended at any time before the date of the trial on the merits commences. On the request of the
defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by
the defendant, to respond to the amended indictment or information.
 
. . . .
 
(c) An indictment or information may not be amended over the defendant’s objection as to form or
substance if the amended indictment or information charges the defendant with an additional or
different offense or if the substantial rights of the defendant are prejudiced.
 

Tex. Code Crim. Proc. Ann. art. 28.10 (a), (c) (Vernon 1989). All amendments of an indictment
or information must be made with leave of the court and under its direction. Id. art. 28.11. 
            Prior to 2000, the recognized procedure for amending an indictment required the State to
either return to the grand jury to obtain a subsequent indictment or request an amendment of the
indictment through a motion to the court. The motion to amend the indictment, taken together with
the trial court’s granting of the motion to amend and signing the order on the amendment, comprised
the authorization for the eventual amendment of the charging instrument pursuant to article 28.10. 
Ward v. State, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992). The Ward court noted that “amend”
means an actual alteration of the charging instrument itself. Id. The amendment, then, was the
actual alteration of the charging instrument. Id. Consequently, where the State moved to amend the
indictment and the trial court granted the motion, the court physically interlineated the changes on
the original indictment. See id. at 793-94. Appellant relies on Ward to support his argument that
written alteration of the indictment was necessary in the case at bar to make the amendment
effective.
            In 2000, the court of criminal appeals addressed whether it was necessary to physically
interlineate the changes in order to amend an indictment. See Riney, 28 S.W.3d at 564. In Riney,
the court overruled Ward and the cases relying on it, to the extent they required physical
interlineation of the original indictment as the only means to amend an indictment. See id. at 566. 
The court emphasized that the amended indictment was where the defendant could find notice of the
specific charges against him in order to prepare his defense. Id. Therefore, the court held, the
“physical interlineation of the original indictment is an acceptable but not the exclusive means” of
amending an indictment. Id. at 565-66. Based upon the holding in Riney, at least one court has
held that a written order granting the State’s motion to amend, in which the language of the original
indictment with the amendment is reproduced, constitutes an effective amendment. See Aguilera
v. State, 75 S.W.3d 60, 64 (Tex. App.–San Antonio 2002, pet. ref’d).
Application
            In the present case, the State filed a motion to amend the indictment, which contained both
the language of the original indictment and the amending language it requested. Appellant was
present at the February 14, 2003 hearing, had notice of the intended amendment, and had no
objection to the amendment. The order granting the motion included the language of the original
indictment, amended as requested in the State’s motion. Consequently, we hold that the order was
sufficient to amend the indictment and to put Appellant on notice of the amended language in the
indictment. See Riney, 28 S.W.3d at 565-66; Aguilera, 75 S.W.3d at 64. Because the amendment
of the indictment was effective, the trial court did not err in denying Appellant’s motion for
continuance and proceeding to trial on the amended indictment. We overrule Appellant’s first issue.
 
Motion for New Trial
            In his second issue, Appellant contends that the trial court erred in failing to grant a new trial
after Appellant had established at the hearing on the motion for new trial that the wrong “Robert
Bankhead” had served as a juror. 
Relevant Facts
            At the hearing on Appellant’s motion for new trial, the trial court determined that the person
who had actually been summoned for the jury panel was Robert Bankhead, III, who was born on
May 24, 1981, and had shown as his mailing address his father’s residence. His father, Robert
Bankhead, Jr., was born May 21, 1956. Due to a lack of space, the jury summons did not include
Robert Bankhead’s entire name, nor did it include whether the summoned person was “Jr.” or “III.” 
The father, Robert Bankhead, Jr., responded to the jury summons, was petit juror number thirty-six,
and was seated as the twelfth juror on the panel. Robert Bankhead, Jr. testified on direct
examination at the hearing on the motion for new trial that his son’s “permanent address” was the
same as his own address. On cross-examination by the State, Bankhead testified that his son did not
actually reside in Athens, but was “living” in Denton. Robert Bankhead, III did not appear at the
hearing and, therefore, did not testify to clarify this inconsistency.
            The strike list included petit juror number thirty-eight. Brian Lookabaugh, juror number
forty, was chosen as the alternate juror. At the hearing on the motion for new trial, Appellant
offered, and the court accepted, an affidavit from Lookabaugh, who as the alternate juror had listened
to all the testimony adduced at trial. Lookabaugh, in his affidavit, stated that he would have voted
for a verdict of not guilty. Lookabaugh did not attend the hearing and was, therefore, unavailable
for cross-examination.
Analysis
            Appellant advances one case, Gerhardt v. State, 935 S.W.2d 192 (Tex. App.–Beaumont 1996,
no pet.), that addresses this unusual situation of a similarly-named, unsummoned person sitting as a
juror in a trial. Appellant forthrightly admits that Gerhardt was decided contrary to his position, but
contends the present case is distinguishable because he, unlike the appellant in Gerhardt, has shown
injury.
            In Gerhardt, “Thomas Norman Terry,” who was born in July of 1962, was summoned as a
potential juror. Id. at 192. “Terry Norman Thomas,” who was born in 1937 or 1938, came to court
and was impaneled on Gerhardt’s jury. During the trial, the bailiff advised the court that the person
seated on the jury was not the person summoned. The trial court informed the parties. The trial court
observed that the person seated on the jury was qualified and the only issue was his not being one of
the persons summoned. The State argued that the trial should continue with the empaneled juror, but
Gerhardt moved for a mistrial. The trial court denied Gerhardt’s motion and proceeded with the trial. 
Id.
            In addressing the issue, the Beaumont court noted that the relevant provisions of the Texas
Code of Criminal Procedure speak in terms of persons or jurors “summoned.” However, the court
recognized that the court of criminal appeals has repeatedly held that “‘noncompliance with the mode
and manner of service or summoning the venire constitutes error only when injury has been shown.’” 
Id. (citing Lawton v. State, 913 S.W.2d 542, 554 (Tex. Crim. App. 1995) (citations omitted)). The
court noted that neither party disputed the trial court’s statement that the juror was not disqualified. 
Because Gerhardt had shown no injury or harm, the court held that the trial court did not err in
proceeding with the seated juror. Id. 
            Appellant contends that he was injured because Lookabaugh, the alternate juror, would have
served on the jury if Mr. Bankhead had not been selected. In support of his contention, Appellant
offered, and the court accepted into the record over the State’s objection, an affidavit from juror
Lookabaugh, who sat as the alternate juror. Lookabaugh’s affidavit included the conclusion that “[i]f
Mr. Bankhead had not been selected then I would have been the 12th person selected and continued
to serve as a juror in the case through deliberations.” Lookabaugh swore that he would have voted
“not guilty.”
            In offering Lookabaugh’s affidavit, Appellant endeavored, as diligently and artfully as
possible, to establish the injury of having the wrong “Robert Bankhead” seated on the jury. However,
there are several suppositions contained in the affidavit’s assertions that do not bear up under strict
analysis. The first supposition is that Robert Bankhead, III was disqualified to serve because, as his
father testified, he “lived in Denton.” However, we note that although Mr. Bankhead testified that
his son did not actually reside in Athens, he also testified that his son’s “permanent address” was the
same as his own. This testimony falls short of establishing that Robert Bankhead, III was not a
resident of Henderson County for purposes of jury duty.


 
            The second supposition is that juror Lookabaugh would have been selected as a juror if Robert
Bankhead, Jr. had not appeared for jury duty. In reviewing the record, we note that two qualified
venire persons were seated between Robert Bankhead, Jr., Juror 36, and Brian Lookabaugh, Juror
40, during voir dire. Neither the State nor Appellant adduced evidence to show why those two
individuals, Steven Powell, Juror 37, and Delia Mathis, Juror 38, were not selected as jurors. 
Moreover, we may only speculate as to how the parties would have utilized their jury strikes had
neither of the two Robert Bankheads appeared for jury duty or how the strikes would have been
utilized had Robert Bankhead, III appeared, even if he was not disqualified from serving on the jury. 
Finally, we can only speculate whether, if Robert Bankhead, Jr. had not appeared and Lookabaugh
had been within the “strike zone” for jurors, the State or Appellant would have looked more favorably
upon Mr. Powell or Ms. Mathis as alternatives to Mr. Lookabaugh. We decline to engage in such
speculation. 
            Finally, juror Lookabaugh asserted that he found the State’s evidence at trial insufficient to
convict Appellant and stated unequivocally that he would have voted for a verdict of not guilty. With
absolute confidence, he swore that, despite whatever might have been said in the jury room, and
regardless of the perceptions and comments of the other jurors during deliberations, he would have
voted not guilty. However, during jury deliberations, jurors exchange observations and perceptions
of the witnesses and the testimony, and those exchanges can illuminate or emphasize testimony that
one juror may not have noticed or appreciated during the trial. Without Lookabaugh having been
privy to the discussions and observations of the jury’s deliberations, such a firm assertion is not
persuasive.
            It should also be noted that the jury list was available before the trial date and was given to
counsel for both parties prior to jury selection. See Tex. Code Crim. Proc. Ann. art. 35.11 (Vernon
Supp. 2004–2005). The jury list contained Robert Bankhead, III’s date of birth, which indicated that
the summoned Robert Bankhead was 21 years of age. The person sitting in the jury pool responding
to questions was almost fifty. The District Clerk, the court, and the parties had the information that
would have revealed which Robert Bankhead was summoned. If anyone had compared their lists
with the potential jurors sitting before them, they could have ascertained that Robert Bankhead, Jr.
was not the summoned person. This Appellant failed to do, to the detriment of his second issue. 
            The time to object to the improperly summoned juror was before the case was tried. See
Howard v. State, 72 Tex. Crim. 624, 627, 163 S.W. 429, 431 (1914) (“It is too late, after the trial, for
the first time to raise any such question” regarding improperly summoned jurors.). Without a timely
objection to an improperly summoned juror, Appellant has waived the issue. Furthermore, Robert
Bankhead, Jr. was not disqualified to serve as a juror. Although he was not the “Robert Bankhead”
who had been summoned for Appellant’s case, Appellant failed to establish that he was injured by
seating Robert Bankhead, Jr. We overrule Appellant’s second issue.
 
Failure to Grant Mistrial
            In his third and final issue, Appellant contends the trial court erred in failing to grant a mistrial
after two witnesses violated Appellant’s motion in limine. The defense motion sought to restrain the
State or its witnesses from making reference to extraneous offenses and misconduct evidence
regarding Appellant. The trial court summarily granted the defense motion, as well as a motion in
limine filed by the State, after the parties agreed to approach the bench for a ruling on the
admissibility of the evidence. 
Standard of Review
            Whether the trial court erred in denying a motion for mistrial is reviewed under an abuse of
discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court does
not abuse its discretion when its decision is within the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).
            The granting of a mistrial is an extreme remedy for curing prejudice occurring during a trial. 
Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). A mistrial is required only when the
improper evidence or testimony is “clearly calculated to inflame the minds of the jury and is of such
a character as to suggest the impossibility of withdrawing the impression produced on the minds of
the jury.” Hinojosa v. State, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999) (citations omitted).
Ordinarily, a prompt instruction to disregard will cure any prejudicial effect associated with an
improper question and answer, even one regarding extraneous offenses. Ovalle v. State, 13 S.W.3d
774, 783 (Tex. Crim. App. 2000). A reviewing court looks to the facts of each case to determine
whether a curative instruction is sufficient to cure prejudice from an improper question or answer.
Hernandez v. State, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990). A reviewing court will presume
the jury will follow the trial court’s instructions to disregard improper testimony. Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).
Applicable Law
            A motion in limine may be used to request that the State not be permitted to mention any
evidence of prior convictions to the jury until a hearing has been held outside the presence of the jury
to determine the admissibility of the evidence. Geuder v. State, 115 S.W.3d 11, 14 (Tex. Crim. App.
2003). However, a motion in limine is a preliminary ruling, and violation of a granted motion in
limine will generally not preserve error on appeal. Id. at 15. Once a motion in limine has been
violated, counsel must obtain an adverse ruling to preserve the complaint. Id. at 14-15.
            To preserve error regarding the admission of evidence in violation of a motion in limine, an
objection should be made at the time the evidence is offered. Brazzell v. State, 481 S.W.2d 130, 131
(Tex. Crim. App. 1972); see also Tex. R. App. P. 33.1(a). If the court sustains the objection, the
objecting party must then ask the court to instruct the jury to disregard the testimony. If the court
instructs the jury to disregard the testimony, the party must then move for a mistrial. See Koller v.
State, 518 S.W.2d 373, 375 n.2 (Tex. Crim. App. 1975). The party objecting to the testimony must
obtain an adverse ruling from the court; otherwise, he has received all the relief he has requested. See
Adams v. State, 685 S.W.2d 661, 670 (Tex. Crim. App. 1985).
Analysis 
            Appellant notes two instances where extraneous offense evidence was adduced in violation
of the motion in limine. In the first situation, Appellant’s counsel asked an investigating officer how
she had investigated a threat by the decedent against Appellant. The officer responded that “at one
time after Debra [Appellant’s ex-wife] had supposedly been beat by her husband [Appellant],
Kenneth Zoch [the decedent] supposedly called [Appellant] and made a conditional threat to him.” 
After Appellant objected, the State’s counsel informed the trial court that she had not told the officer
about the agreement not to mention Appellant’s prior acts. The trial court overruled Appellant’s
objection to the testimony. 
            Later in the trial, Debra gave the same testimony without objection. Adducing the same
evidence without objection cures any error committed by the prior admission of the same evidence. 
Lane v. State, 151 S.W.3d 188,193 (Tex. Crim. App. 2004). Therefore, any error from the statement
of the investigating officer regarding Zoch’s threat to Appellant is cured. Further, in response to
Appellant’s objection and motion for mistrial, the trial court offered to instruct the jury to disregard
the testimony, but Appellant chose not to seek an instruction to disregard. Thus, the trial court’s
denial of Appellant’s motion for mistrial was not an abuse of discretion. 
            The second instance relates to testimony by Appellant’s ex-wife, Debra, that she knew
Appellant did not want her to call 9-1-1. She stated, “I thought he was going to shoot me.” When
asked why she thought that, Debra said, “Because he had put a gun to me before.” Appellant 
objected, and the objection was sustained. At Appellant’s request, the trial court instructed the jury
to disregard the objectionable testimony. 
            Appellant did not ask for a mistrial after the trial court gave the instruction to disregard. He
therefore received all the relief that he requested, which was a sustained objection to Debra’s
statement and an instruction to the jury to disregard it. See Adams, 685 S.W.2d at 670. We presume
the jury followed the court’s instruction to disregard. See Colburn, 966 S.W.2d at 520. Therefore,
Appellant’s argument as to Debra’s statement is without merit. We overrule Appellant’s third issue. 
 
 
Disposition
            The judgment of the trial court is affirmed. 



                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
 
Opinion delivered May 25, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



























 
(PUBLISH)